# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**JANUARY 2022**

E-Filing Number: 2201043933

**001882**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| SERGEI KOVALEV | SPARK ENERGY, LLC, ALIAS: SPARK ENERGY |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 5305 OXFORD AVE<br>PHILADELPHIA PA 19124 | 12140 WICKCHESTER LANE, #100<br>HOUSTON TX 77079 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION | | |
|---|---|---|---|---|
| 1 | 1 | ☒ Complaint<br>☐ Writ of Summons | ☐ Petition Action<br>☐ Transfer From Other Jurisdictions | ☐ Notice of Appeal |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

| CASE TYPE AND CODE |
|---|
| 2O - PERSONAL INJURY - OTHER |

| STATUTORY BASIS FOR CAUSE OF ACTION |
|---|
| |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO<br>COORDINATION ORDER? |
|---|---|---|
| | **FILED**<br>**PRO PROTHY**<br>JAN **24** 2022<br>**S. RICE** | YES          NO |

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: SERGEI KOVALEV

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| SERGEI KOVALEV | 5305 OXFORD AVENUE<br>PHILADELPHIA PA 19124 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215)839-9562 | none entered | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| na | s14391@gmail.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *SERGEI KOVALEV* | Monday, January 24, 2022, 02:14 pm |

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**

*Filed and Attested by the*
*Office of Judicial Records*
*24 JAN 2022 02:14 pm*
*S. RICE*

Sergei Kovalev
5305 Oxford Avenue
Philadelphia, PA 19124
215-839-9562

| | | |
|---|---|---|
| SERGEI  KOVALEV, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | JANUARY TERM 2022 |
| v. | : | |
| SPARK ENERGY, LLC a.k.a. SPARK ENERGY | : | No. |
| | : | |
| Defendant. | : | **JURY TRIAL DEMANDED** |
| | : | |

## COMPLAINT IN CIVIL ACTION

### INTRODUCTION

1.     This legal action arises out of Defendants' violation of the state and federal laws

through the practice of placing multitudes of unsolicited and unwanted telemarketing telephone

calls soliciting new customers and promoting Defendants' goods and services. At the time of

such calls, Plaintiff Sergei Kovalev did not give Defendant any authorization to call him and was

not interested to receive telephone calls from Spark Energy. Defendant's tortious and intentional

conduct was performed without Plaintiff's express consent and such willful activities violated the

state and federal consumer protection laws, and inflicted injuries and losses to Plaintiff.

### JURISDICTION AND VENUE

2.     Pennsylvania State Courts have jurisdiction over this legal action and all parties

pursuant to 42 Pa. C.S. § 931 (original jurisdiction and venue), § 5301 (relationship with this

Commonwealth constituting a sufficient basis of jurisdiction to enable the tribunals of this

Commonwealth to exercise general personal jurisdiction), § 5308 (minimum contacts).

- 1 -

3.     Plaintiff is a resident of the City of Philadelphia and a citizen of the State of Pennsylvania.

4.     Defendant is a subject to personal and general jurisdiction of the Pennsylvania State Courts; therefore, rendering the exercise of jurisdiction by this Court is proper and necessary.

5.     At all times alleged in this Complaint, Defendant was doing business in the State of Pennsylvania, including the City of Philadelphia; and Defendant is a subject to personal jurisdiction of this Court.

6.     Defendant is registered and qualified as a foreign business entity under the laws of this Commonwealth to transact business activities in the State of Pennsylvania and in the City of Philadelphia.

7.     Venue is proper in the Philadelphia County of Pennsylvania under 42 Pa. C.S. § 931 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the City of Philadelphia and in the State of Pennsylvania.

8.     Defendant was violating applicable laws by constantly calling Plaintiff's telephone number located in Philadelphia, Pennsylvania.

9.     Defendant is continuously maintaining business presence in the State of Pennsylvania and in the City of Philadelphia, and has systematic contacts with Pennsylvania and the City of Philadelphia by offering and selling goods and services in the State of Pennsylvania and in the City of Philadelphia.

10.     This legal action is initiated in a timely manner. The statute of limitation for legal actions related to violations of Pennsylvania consumer protection laws, is six years; and the statute of limitation for all Telephone Consumer Protection Act (47 U.S.C. § 227, et seq.) claims is the federal four-year statute of limitations as provided in 28 U.S.C. § 1658(a) (time limitations on the commencement of civil actions arising under Acts of Congress).

Case ID: 220101882

## PARTIES

11.    Plaintiff Sergei Kovalev is an adult individual, a citizen of the United States and a resident of the City of Philadelphia in the State of Pennsylvania.

12.    Defendant Spark Energy, LLC a.k.a. Spark Energy ("Spark Energy") is a company organized in the State of Texas and maintains its principal office located at 12140 Wickchester Lane, Suite #100, Houston, TX 77079.

13.    Spark Energy is registered and qualified to transact business in the State of Pennsylvania under the laws of this Commonwealth.

## FACTUAL ALLEGATIONS

### Spark Energy's unlawful activities.

14.    Upon information and belief, Defendant Spark Energy, LLC a.k.a. Spark Energy offers utility services and operates in the United States. Spark Energy generates, transmits, and distributes electricity and natural gas to customers in the United States.

15.    Spark Energy claims to be one of the pioneers of the retail energy industry.

16.    To stay in business, Spark Energy needs paying customers that would be subscribing to receive products offered by Spark Energy.

17.    In search of additional customers, Spark Energy turned into intentional and willful violations of the federal and state laws.

18.    On April 4, 2019 Plaintiff's telephone number ending in 9562 (complete telephone number is listed above) was registered with the national Do-Not-Call Registry maintained by the Federal Government.

19.    Even when Plaintiff's phone number was registered since April 4, 2019 with the national Do-Not-Call Registry maintained by the Federal Government, Defendant Spark Energy

- 3 -

Case ID: 220101882

totally ignored all applicable laws and made from August 26, 2019 to September 10, 2019 at least ten (10) prerecorded unauthorized and unlawful telemarketing telephone calls to Plaintiff's telephone number ending in 9562, all at the time when Plaintiff was not interested to receive any calls from Spark Energy and he was not interested to be a customer of Spark Energy at the time of described telephone calls.

20.    Most likely, Defendants placed a much larger number of telephone calls to Plaintiff's telephone number, because in efforts to maintain usable space on his electronic/telephonic devices, he usually deletes at least some unwanted messages.

21.    Defendants have no possibility to claim any mistakes because Plaintiff is the sole user of the telephone number ending in 9562 that he had and used for approximately 10-15 years.

22.    Spark Energy's unwanted and unlawful telephone calls were made to Plaintiff's telephone number ending in 9562 on the following dates:

| | |
|---|---|
| 1. | August 26, 2019 (6:58 PM) |
| 2. | August 29, 2019 (10:45 AM) |
| 3. | August 30, 2019 (10:47 AM) |
| 4. | September 3, 2019 (7:00 PM) |
| 5. | September 4, 2019 (4:34 PM) |
| 6. | September 5, 2019 (5:52 PM) |
| 7. | September 6, 2019 (5:53 PM) |
| 8. | September 7, 2019 (10:42 AM) |
| 9. | September 9, 2019 (11:08 AM |
| 10. | September 10, 2019 (1:15 PM) |

23.    All ten telephone calls placed by Spark Energy and directed to Plaintiff's telephone number ending in 9562 were made from the telephone number 844-336-9909 that was later traced back to Spark Energy.

24.    All ten telephone calls made by Spark Energy to Plaintiff's telephone number ending in 9562 were pre-recorded/robotic calls and each call had an identical pre-recorded message:

- 4 -

Case ID: 220101882

"This is Spark Energy, a retail energy provider in your area. We're giving you a quote offer for a fixed rate before you hang up. Please call us so that we can discuss some additional offers that may be of interest to you. Please call us at 1-844-336-9909. We thank you for your time and we wish you a spectacular day."

25.    Spark Energy was making automated telephone calls to Plaintiff, with whom this Defendant had no any relationship at the time of making unwanted calls.

26.    By making ten unwanted and unsolicited telephone calls directed to Plaintiff's telephone number ending in 9562, Spark Energy was delivering telemarketing messages of commercial nature without the prior express consent of the party subjected to these calls.

27.    All Spark Energy's unwanted and unsolicited telephone calls were made for a commercial purpose and were transmitting unsolicited advertisements directed to Plaintiff's telephone number ending in 9562.

28.    Plaintiff never gave any consent to Spark Energy and Spark's associates to conduct this form of harassment and invasion of his right to privacy.

**Unsolicited and unlawful Spark Energy calls interfered with Plaintiff's enjoyment of life and his right to privacy.**

29.    Plaintiff's residential telephone line is represented by a hybrid version interconnected with Plaintiff's computer system, where all phone calls are ringing and can be answered by Plaintiff through the use of the operating computer system. All records for telephone calls are routed to his electronic mail as messages, text messages, or as received (or missed) calls. Incoming calls also can be routed/transferred to any other cellular telephone number. If not routed/directed to any desired cellular telephone, all calls sent to Plaintiff's residential telephone line are ringing at his personal computer and displayed/flashed on this computer monitor for a certain period of time by placing it above any computer screen that Plaintiff is using; and after that, call records are moved to his electronic mail acting as telephone records storage device.

- 5 -

Case ID: 220101882

30.     When each incoming call is ringing, it creates a notification on Plaintiff's computer screen and such notification covers a part of the screen during the process of ringing; and later, after ringing ends, notification automatically moves to the electronic mail for storage and to inform Plaintiff about all telephone calls. At the time when a call rings, it has an accompanying announcing image that covers the usable space of the computer screen that Plaintiff is using; and Plaintiff has no other options but to answer the call or to ignore the call and wait until such call would stop ringing (with accompanied image covering computer screen) and the call record moves out to Plaintiff's electronic mail for storage. Irrelevant, if answered or not, all unsolicited and unwanted telephone calls are creating extreme disturbance by interfering and causing a loss of Plaintiff's productive time, and by interfering with his privacy and desire not to be disturbed.

31.     After such unwanted telephone calls (even unanswered calls) would move to the electronic mail for storage, Plaintiff is still haunted by unsolicited calls, because Plaintiff will be seeing later such records showing as incoming messages/or unanswered calls in the electronic mail database. Plaintiff would need to spend an additional time when he is checking his emails and messages, to manually open each notice for any answered, missed, or not answered calls to verify if it is not something important for him. Furthermore, due to limitation of electronic mail usable space, Plaintiff must spend his personal time to perform time-consuming manual maintenance of the storage capacity (where records for unwanted calls are stored) by examining and removing/deleting unwanted records, including records for unsolicited and unwanted calls.

**Plaintiff suffered injuries and losses, and his privacy rights were gravely affected.**

32.     Spark Energy, by willfully making unsolicited and disturbing telephone calls caused Plaintiff actual harm in the form of creating a nuisance, loss of time, stress, disruption of life and other activities, interference with enjoyment of life, invasion of privacy and intrusion upon his

Case ID: 220101882

seclusion, annoyance, aggravation, emotional distress and mental torment, psychological trauma and mental pain, wear and tear of electronic equipment, and many other damages and harms, as described in this Complaint.

33. Spark Energy's unsolicited and unwanted prerecorded messages interfered with Plaintiff's right for his telephone line to be undisturbed by unwanted communications, and also interfered with Plaintiff's use and enjoyment of his computer and electronic devices.

34. Spark Energy's unsolicited and unwanted messages disrupted Plaintiff's activities he would usually perform on his computer that was bombarded by Defendant's disrupting and abusive calls. Defendant's unsolicited and unwanted calls also created a loss of Plaintiff's productive time.

35. In addition, Spark Energy's unsolicited and unwanted calls also caused the wear and tear of Plaintiff's electronic hardware and the consumption of electronic/computer memory and computing resources.

36. The cumulative effect of unsolicited calls, such as those complained of by Plaintiff herein, poses a real risk of ultimately rendering electronic devices damaged and unusable as a result of the described wear and tear.

37. Spark Energy not only invaded the personal privacy of Plaintiff, inflicted emotional distress to him and caused multiple other harms and injuries, but also intentionally and repeatedly violated all laws controlling calls related to sale of goods and services.

38. Furthermore, any intangible injuries and invasion of privacy are concrete injuries for the purpose of conferring legal standing. In light of the plain language and the State of Pennsylvania and U.S. Congress's role in elevating injuries to legally cognizable status, making even a single telephone call in violation of consumer protection laws constitutes an injury-in-fact to the recipient so as to provide legal standing.

Case ID: 220101882

39.     Through its very nature, a violation of consumer protection laws causes the privacy-related harm or intrusion that laws were designed to protect.

## APPLICABILITY OF PUNITIVE DAMAGES

40.     Punitive damages can be awarded for Spark Energy's conduct that, as this case demonstrates, was outrageous because of Defendant's wantonness and reckless indifference to the rights of Plaintiff and other citizens that can be affected in similar way.

41.     While willful violations of state and federal laws are covered by statutory damages, including treble statutory damages, these statutory damages are not punitive in its nature because the remedies are not inconsistent with each other, nor do they provide double redress.

42.     Under Pennsylvania law, the purpose of punitive damages is to deter Defendant from committing similar wrongs in the future; and to deter others from similar conduct.

43.     Plaintiff is entitled to punitive damages to be adjudicated against Spark Energy because the acts of Defendant were sufficiently egregious to warrant the imposition of punitive damages based on outrageous and tortuous activities accompanied with willful, wanton conduct, and reckless behavior in regard to Plaintiff's rights.

44.     The conduct of Defendant was flagrant and grossly deviating from any norms of acceptable behavior.

45.     Spark Energy in this legal matter was displaying willful and wanton, reckless and intentional conduct accompanied with reckless indifference to the rights of Plaintiff and many other victims of Defendant's tortious conduct.

46.     Spark Energy acted outrageously when this company made a conscious decision about a particular course of action and inaction.

Case ID: 220101882

47.     Spark Energy was or should be aware of the harm that may be caused to Plaintiff and to other people but Defendant did not try to avoid or prevent the harm. Moreover, Defendant intentionally created such harm. The degree of reprehensibility of Defendant's conduct was sufficiently high.

48.     Plaintiff was harmed by Defendant's acts and has a case for punitive damages. Therefore, punitive damages are justified in this case.

## CAUSES OF ACTION

### COUNT I

### Violations of 47 U.S.C. § 227(b)

49.     Plaintiff restates and incorporates herein by reference all allegations contained in all relevant paragraphs of this Complaint as if fully set forth in their entirety and alleges further.

50.     The Telephone Consumer Protection Act ("TCPA") as provided in 47 U.S.C. § 227 dictates that it shall be unlawful for any person within the United States to make any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes (See 47 U.S.C. § 227(b)(1)(B)).

51.     By making unsolicited telephone calls to Plaintiff's telephone number ending in 9562 and without Plaintiff's prior written express consent, Spark Energy violated 47 U.S.C. § 227(b)(1)(B) that prohibits initiation of any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party. In addition, Spark Energy was not making robocalls for emergency purposes but only to promote goods and services.

52.     Furthermore, 47 C.F.R. § 64.1200(a)(3) also strictly prohibits initiation of any

- 9 -

Case ID: 220101882

telephone call to any residential line by using an artificial or prerecorded voice to deliver a message without the prior express written consent of the called party.

53.    To be able to make a call to Plaintiff's telephone number, Defendants must demonstrate that they obtained Plaintiff's prior written express consent.[1] However, Spark Energy never obtained Plaintiff's prior written express consent for all illegal telephone calls made by this Defendant.

54.    The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the Telephone Consumer Protection Act, and according to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, unwanted solicitation telephone calls are a great nuisance and invasion of privacy, and such calls can be costly and inconvenient.

55.    The subject of making telephone calls to any telephone line without the prior express consent of the called party is well-addressed *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) that provides:

- Callers cannot avoid obtaining consumer consent for a robocall simply because they are not "currently" or "presently" dialing random or sequential phone numbers;
- Simply being on an acquaintance's phone contact list does not amount to consent to receive robocalls…;
- Internet-to-phone text messages require consumer consent…[2]

56.    In this case, Spark Energy and all persons acting on behalf of Spark Energy placed and directed to Plaintiff's telephone number ending in 9562 at least ten (10) unwanted and not consented telephone calls using artificial or prerecorded voice to deliver a message without

---

[1]  See *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent).
[2]  https://docs.fcc.gov/public/attachments/FCC-15-72A1_Rcd.pdf

Case ID: 220101882

Plaintiff's prior written express consent and calls were not made for any emergency purposes.

57.   All ten (10) telephone calls (robocalls) were initiated not for emergency purposes, but were made strictly for telemarketing, advertising, and promoting Defendant's goods and services that Plaintiff never solicited and was not interested even to know about such services.

58.   These telephone calls were made and sent willfully and without regard to whether Defendant had first obtained written express consent from the called party. In this case, Defendant Spark Energy did not have any prior express consent; and all calls were related to Defendant's commercial goods and services.

59.   All Defendant's willful, unwanted, annoying, disturbing, and unsolicited calls adversely affected Plaintiff's privacy rights, were of commercial nature, were made for commercial purpose, were promoting goods and services; all in violation of 47 U.S.C. § 227(b).

60.   By making unwanted telephone calls, Defendant's tortious activities caused Plaintiff actual harm in the form of creating a nuisance, loss of time, disruption of life, wear and tear of electronic equipment, interference with enjoyment of life, invasion of privacy and intrusion upon his seclusion, annoyance, aggravation, emotional distress and mental torment, psychological trauma and mental pain, and many other harms and damages as provided in this Complaint.

61.   The TCPA provides for the private right of action when a person within the United States receives telephone calls to any residential telephone line and such calls are using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes. See 47 U.S.C. § 227(b)(3).

62.   Plaintiff is entitled to bring an action to recover compensation for harms and actual losses created by such ten violations, or to receive up to $1,500 in statutory damages for each of the ten (10) violations, whichever is greater, as provided by 47 U.S.C. § 227(b)(3).

63.   As a direct and proximate result of Defendant's misconduct alleged herein and

Case ID: 220101882

prohibited under 47 U.S.C. § 227(b), Plaintiff suffered actual damages and is entitled to receive

compensation, whichever is greater, for all actual damages or no less than $500 and up to $1,500

for each of the ten (or more) unsolicited telephone robocalls, as statutory damages. Pursuant to

47 U.S.C. § 227(b)(3), Plaintiff is entitled to treble the amount of statutory damages, for each of

the described ten (or more) violations performed by Defendant.

64.    Plaintiff is also entitled to an injunction against any future calls, costs and damages.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and

against Defendant, and award the following relief, including but not limited to an order declaring

that Defendant's actions, as set out above, violate 47 U.S.C. § 227(b); an award actual damages;

an award of statutory damages for at least ten (10) violations of 227(b); an award of treble

damages for all ten violations; an award of injunctive and other equitable relief as necessary to

protect the interests of Plaintiff, including an order prohibiting Defendant from engaging in the

wrongful and unlawful acts described herein; an award of reasonable attorneys' fees and all

costs; an award of punitive damages; and an award of any other relief the Court finds just and

proper.

## COUNT II

### Violations of 47 U.S.C. § 227(c)

65.    Plaintiff restates and incorporates herein by reference all allegations contained in all

relevant paragraphs of this Complaint as if fully set forth in their entirety and alleges further.

66.    The Telephone Consumer Protection Act, as provided in 47 U.S.C. § 227(c)(3)(F),

prohibits any person from making or transmitting a telephone solicitation to the telephone

number included in the federal Do-Not-Call database.

67.    47 C.F.R. § 64.1200(a)(3) also strictly prohibits initiation of any telephone call to any

Case ID: 220101882

residential line by using an artificial or prerecorded voice to deliver a message without the prior written express consent of the called party.

68.    Without Plaintiff's prior written express consent, Defendant made at least ten (10) unwanted calls to Plaintiff's telephone number registered with the federal Do-Not-Call database.

69.    All ten (10) telephone calls were made strictly for telemarketing, advertising, and were promoting Defendant's goods and services that Plaintiff never solicited and was not interested even to know about such services.

70.    The TCPA's implementation regulation, 47 C.F.R. § 64.1200(c) also provides that:

"(c) No person or entity shall initiate any telephone solicitation to:

(2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. Such do-not-call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator."

71.    Spark Energy's calls violated 47 U.S.C. § 227(c) and Plaintiff is entitled to bring legal actions based on violations of 47 U.S.C. § 227(c), to enjoin such violations, and to seek actual and statutory damages.

72.    Plaintiff is entitled to bring an action to recover compensation for harms and actual losses created by such ten violations, or to receive up to $1,500 in statutory damages for each of the ten (10) violations, whichever is greater, as provided by 47 U.S.C. § 227(c)(5).

73.    Since April 4, 2019 Plaintiff's telephone number ending in 9562 was registered with the national Do-Not-Call Registry maintained by the Federal Government and confirmation of such registration reads:

Verify@donotcall.gov
Thank you for registering your phone number with the National Do Not Call Registry. You successfully registered your phone number ending in 9562 on April 04, 2019. Most telemarketers will be required to stop calling you 31 days from your registration date. Visit https://www.donotcall.gov  to register another number or file a complaint against

- 13 -

Case ID: 220101882

someone violating the Registry.



**National Do Not Call Registry - Your Registration Is Confirmed**
1 message

Verify@donotcall.gov <Verify@donotcall.gov>
To:

Thank you for registering your phone number with the National Do Not Call Registry. You successfully registered your phone number ending in 9562 on April 04, 2019. Most telemarketers will be required to stop calling you 31 days from your registration date.

Visit https://www.donotcall.gov to register another number or file a complaint against someone violating the Registry.

**********************************************************************************************************

74.     In addition, 47 U.S.C. § 227(c)(5) provides that a "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were intended to protect privacy rights to avoid receiving telephone solicitations to which they object.

75.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscriber, such as Plaintiff, who registered his respective telephone number on the National Do-Not-Call Registry maintained by the Federal Government, as a person who do not wish to receive telephone solicitations.

76.     Defendant also violated 47 U.S.C. § 227(c)(5) because Plaintiff received more than one telephone call in a 12-month period by or on behalf of Defendant.

77.     All Spark Energy's willful, unwanted, annoying, disturbing, and unsolicited calls were adversely affecting Plaintiff's privacy rights, were of commercial nature, were made for commercial purpose, were made for promotion of unsolicited commercial goods and services; all in violation of 47 U.S.C. § 227 clearly prohibiting such illegal activities of calling to people that are not interested to receive any marketing calls.

78.     As a direct and proximate result of Defendant's misconduct alleged herein and

Case ID: 220101882

prohibited under 47 U.S.C. § 227(c), Plaintiff suffered actual damages and is entitled to receive

compensation, whichever is greater, for all actual damages or no less than $500 and up to $1,500

for each of the ten (or more) unsolicited telephone calls, as statutory damages. Pursuant to 47

U.S.C. § 227(c)(5) Plaintiff is entitled to treble the amount of statutory damages, for each of the

described ten violations performed by Defendant.

79.     Plaintiff is also entitled to an injunction against any future calls, costs and other

damages.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and

against Defendant, and award the following relief, including but not limited to an order declaring

that Defendant's actions, as set out above, violate 47 U.S.C. § 227(c); an award actual damages;

an award of statutory damages for at least ten (10) violations of 227(c); an award of treble

damages for all ten violations; an award of injunctive and other equitable relief as necessary to

protect the interests of Plaintiff, including an order prohibiting Defendant from engaging in the

wrongful and unlawful acts described herein; an award of reasonable attorneys' fees and all

costs; an award of punitive damages; and an award of any other relief the Court finds just and

proper.

## COUNT III

### Violations of the Pennsylvania Telemarketer Registration Act
### As provided by 73 P.S. § 2241 et seq.

80.     Plaintiff restates and incorporates herein by reference all allegations contained in all

relevant paragraphs of this Complaint as if fully set forth in their entirety and alleges further.

81.     As defined by the Pennsylvania Telemarketer Registration Act - 73 P.S. § 2242, Spark

Energy was a telemarketer at the time of making at least ten (10) unsolicited robocalls to

Plaintiff's residential telephone number.

Case ID: 220101882

82.     Upon information and belief, Spark Energy is not registered as a telemarketer with the Office of Pennsylvania Attorney General, as required by 73 P.S. §2243.

83.     Failure to register pursuant to the Telemarketer Registration Act is a violation of Pennsylvania law that can be litigated through a civil legal action; and in addition, can result in up to two years imprisonment, a $5,000 fine, revocation of the right to conduct telemarketing in Pennsylvania, including multiple civil penalties.[3]

84.     Defendant also violated 73 P.S. § 2245(a)(2) [Unlawful acts and penalties] that prohibits:

> "(2) Initiating an outbound telephone call, including a robocall, to a person when the person previously has stated that the person does not wish to receive an outbound telephone call…"
>
> (5) Failing to disclose promptly to any consumer during the initial telephone contact the purpose of the call, the name of the telemarketer or telemarketing business and what the telemarketer or telemarketing business is selling.
>
> (9) Engaging in any deceptive or abusive telemarketing acts or practices in violation of 16 CFR 310 (relating to telemarketing sales rule).

85.     Plaintiff, by registering his residential telephone number with national Do-Not-Call registry, announced to the entire nation that he is the person that does not wish to receive outbound unsolicited commercial telephone calls.

86.     During all robocalls, Spark Energy and/or its agents and representatives failed to disclose promptly to Plaintiff what Spark Energy is selling. To be specific, Spark Energy deceptively failed to disclose promptly to Plaintiff that the purpose of each call was sale of goods and services and not discussing some offers, as fraudulently and misleadingly claimed by Spark Energy.

87.     In the conduct described in this Complaint, Spark Energy was engaged in deceptive and abusive telemarketing acts or practices in violation of 16 CFR 310 (telemarketing sales rule).

---

[3] https://www.attorneygeneral.gov/resources/telemarketing-in-pa/telemarketing-registration-notice/

Case ID: 220101882

88.     Furthermore, Spark Energy also violated 73 P.S. § 2245.2 (prohibiting unwanted telephone solicitation calls) as provided by the Pennsylvania Telemarketer Registration Act (Unlawful acts and penalties) that prohibits calling numbers enrolled on a do-not-call- list:

§2245.2 Unwanted telephone solicitation calls prohibited.
(a) General rule. -- No telemarketer shall initiate or cause to be initiated a telephone solicitation call to a residential telephone number of a residential telephone subscriber who does not wish to receive telephone solicitation calls and has caused his name, address and telephone number to be enrolled on a do-not-call- list maintained by the list administrator.

89.     Since April 4, 2019 Plaintiff's telephone number ending in 9562 was registered with the national Do-Not-Call Registry maintained by the Federal Government and confirmation of such registration reads:

Verify@donotcall.gov
Thank you for registering your phone number with the National Do Not Call Registry. You successfully registered your phone number ending in 9562 on April 04, 2019. Most telemarketers will be required to stop calling you 31 days from your registration date. Visit https://www.donotcall.gov to register another number or file a complaint against someone violating the Registry.

90.     Registering with the federal Do-Not-Call Registry has a clear meaning that Plaintiff is the person, who by registering his telephone number with the nationwide federal Do-Not-Call Registry has stated and clearly informed all telemarketers and all sellers of goods and services that Plaintiff does not wish to receive any outbound telephone calls (directed to him) and has no desire to be disturbed by any unsolicited commercial offers.

91.     Without Plaintiff's prior written express consent, Defendant and/or other parties acting on behalf of Defendant, and/or with the authorization of Defendant, placed at least ten (10) unwanted calls directed to Plaintiff's residential telephone number.

92.     All ten (10) telephone calls were not initiated for emergency purposes, but were made strictly for telemarketing, advertising, and promoting Defendant's goods and services that Plaintiff never solicited and was not interested even to know about such services at the time

Case ID: 220101882

when such calls were made by Spark Energy.

93.     These telephone calls were made willfully and without regard to whether Defendant had first obtained written express consent from the called party, as required by law. In this case, Defendant Spark Energy did not have any prior express written consent of Plaintiff and all calls were related to Defendant's commercial goods and services.

94.     All Defendant's willful, unwanted, annoying, disturbing, and unsolicited calls were adversely affecting Plaintiff's privacy rights, were of commercial nature, were made for commercial purpose; all in violation of Pennsylvania law, as provided by 73 P.S. § 2241 et seq.

95.     As provided by 73 P.S. § 2246 (Violations):

"(a) Other law.--A violation of this act is also a violation of the act of December 17, 1968 (P.L. 1224, No. 387), known as the Unfair Trade Practices and Consumer Protection Law."

96.     Furthermore, 73 P.S. § 2247 (Remedies available to consumers) also provides that:

"Nothing in this act shall be construed to limit the remedies available to consumers under the act of December 17, 1968 (P.L. 1224, No. 387), known as the Unfair Trade Practices and Consumer Protection Law, or any other State or Federal law."

97.     By making unwanted telephone calls, Defendants caused Plaintiff actual harm in the form of creating a nuisance, loss of time, stress, disruption of life, wear and tear of electronic equipment, and other tortious activities, interference with enjoyment of life, invasion of privacy and intrusion upon his seclusion, annoyance, aggravation, emotional distress and mental torment, psychological trauma and mental pain, and many other harms and damages as described.

98.     As a direct and proximate result of Defendant's misconduct alleged herein and prohibited under 73 P.S. § 2241 et seq., Plaintiff suffered actual harm, damages and losses, and is entitled to compensatory and statutory damages, for each of the described ten (or more) violations performed by Defendant willfully and intentionally. Plaintiff is also entitled to an injunction against any future calls, costs and other relief.

Case ID: 220101882

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, and award the following relief, including but not limited to an order declaring that Defendant's actions, as set out above, violate laws of the State of Pennsylvania; an award of all associated damages; an award of injunctive and other equitable relief as necessary to protect the interests of Plaintiff, including an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein; an award of reasonable attorneys' fees and all costs; an award of punitive damages; and an award of any other relief the Court finds just and proper.

## COUNT IV

**Violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law
As provided by 73 P.S. § 201-1 et seq.**

99.     Plaintiff restates and incorporates herein by reference all allegations contained in all paragraphs of this Complaint as if fully set forth in their entirety.

100.     The Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") prohibits deceptive or fraudulent acts and this legal action is coming within the protection of the statute, as provided by the UTPCPL. Events described in this Complaint are within the purview of the UTPCPL.

101.     This cause of action represents private action under the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL) created by the Act of December 17, 1968, No. 387, as amended 1976, Nov. 24, P.L. 1166, No. 260, § 1, 73 P.S. § 201-1 et seq.

102.     The Pennsylvania Unfair Trade Practices and Consumer Protection Law (73 P.S. § 201-2(4)) prohibits "unfair or deceptive acts or practices", including any one or more of the following:

> "Using deceptive representations … in connection with goods or services";
>
> "Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services";

Case ID: 220101882

"Causing likelihood of confusion or of misunderstanding as to affiliation, connection or association with, or certification by, another";

"Making solicitations for sales of goods or services over the telephone without first clearly, affirmatively and expressly stating:
    (A) the identity of the seller;
    (B) that the purpose of the call is to sell goods or services…"

103.    The Pennsylvania Unfair Trade Practices and Consumer Protection Law applicable to this legal matter.

104.    The Pennsylvania Telemarketer Registration Act (Unlawful acts and penalties), as provided in 73 P.S. § 2245(a)(2) and 73 P.S. § 2245(a)(5), makes it also unlawful for any company to initiate an outbound telephone call, including a robocall, to a person when the person does not wish to receive such telephone calls. It also makes it unlawful for any company not to disclose promptly to any consumer during the initial telephone contact the purpose of the call, the name of the telemarketer or telemarketing business and what the telemarketer or telemarketing business is selling. See 73 P.S. § 2245(a)(2) and 73 P.S. § 2245(a)(5).

105.    As a result and in addition to the list of unfair or deceptive acts or practices provided in the Pennsylvania Unfair Trade Practices and Consumer Protection Law (73 P.S. § 201-1 et seq.), 73 P.S. § 2246 created an additional violation of the UTPCPL by declaring that violation of the Pennsylvania Telemarketer Registration Act is also a violations of  UTPCPL:

"(a) Other law.--A violation of this act is also a violation of the act of December 17, 1968 (P.L. 1224, No. 387), known as the Unfair Trade Practices and Consumer Protection Law."

See 73 P.S. § 2246.

106.    Defendants were involved in fraudulent activities, misrepresentations, and injurious consumer fraud.

107.    By registering with the federal nationwide Do-Not-Call Registry (many months before Spark Energy initiated its harassing telemarketing calls) Plaintiff clearly informed all

- 20 -

Case ID: 220101882

telemarketers, companies, and sellers of goods and services that he does not wish to receive any unsolicited telephone calls and has no desire to be disturbed by any unsolicited offers.

108.    While Spark Energy's robocalls were identifying the caller as Spark Energy, it is not a sufficient identification of the seller of goods and services.

109.    Furthermore, Spark Energy in robocalls directed to Plaintiff never stated clearly that this company is making telephone calls for the purpose of selling goods or services, as required by the UTPCPL and amendments to UTPCPL that were created by 73 P.S. § 2245(a)(2) and 73 P.S. § 2245(a)(5).

110.    The UTPCPL was implemented to protect consumers like Plaintiff and this law was implemented to prevent deceptive or unfair practices that are affecting customers in this State.

111.    The law allows for anyone to bring suit when person is a victim of unjust practices. Plaintiff was injured in his health and suffered losses and damages as a result of Defendants' activities performed in this State; and Defendants' activities were violating the UTPCPL provisions.

112.    As a direct and proximate result of Defendants' conduct and violations of the UTPCPL provisions, Plaintiff suffered ascertainable injuries and losses.

113.    As a direct and proximate cause of Defendants' conduct in violation of the UTPCPL provisions, Defendant caused Plaintiff actual harm in the form of creating a nuisance, loss of time, stress, disruption of life, wear and tear of electronic equipment, and other tortious activities, interference with enjoyment of life, invasion of privacy and intrusion upon his seclusion, annoyance, aggravation, emotional distress and mental torment, psychological trauma and mental pain, and many other harms and damages as provided in this Complaint.

114.    The UTPCPL provides for trebled damages and reasonable attorneys fees.

115.    As a result of Defendant's conduct, Plaintiff is entitled to recover treble damages

Case ID: 220101882

and reasonable attorneys fees assessed against Defendant.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, and award the following relief, including but not limited to compensatory damages, special damages; compensation for injuries, loss of enjoyment of life, psychological trauma, emotional distress and mental anguish; punitive damages; and award for costs, attorneys' fees, expenses, and disbursements in this lawsuit, including court costs, prejudgment and post-judgment interest, injunctive relief, and such other relief as the Court deems necessary and proper. Furthermore, it is specifically requested that the Court award treble damages based on Defendant's violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq.

## COUNT V
### Negligence (Ordinary Negligence)

116.    Plaintiff restates and incorporates herein by reference all allegations contained in all paragraphs of this Complaint as if fully set forth in their entirety and alleges further.

117.    As described in this Complaint, Defendant performed the acts that are classified as negligence.

118.    Defendant owed a legal duty of care to the Plaintiff under the circumstances.

119.    There was an existence of a duty and obligation recognized by law, requiring Defendant to conform to a certain standard of conduct, including but not limited to compliance with all laws and regulations, to exercise reasonable care in making prohibited unsolicited telephone calls.

120.    Defendant breached a legal duty to act in a reasonable way and failed to exercise reasonable care when Defendant failed to comply with all laws and regulations.

Case ID: 220101882

121.    Defendant failed to uphold the established duty of care for the situation and failed to act in a reasonable way when such Defendant's conduct could be reasonably expected to cause harm and injuries to Plaintiff.

122.    Defendant's breach of required duties and obligations caused the harm, injuries, damages and actual losses inflicted to Plaintiff.

123.    Defendant was negligent in at least some of the following ways:

(a) Negligent failure to comply with laws and regulations;

(b) Negligent placement of multiple unsolicited telemarketing calls promoting Defendants' goods and services;

(c) Negligent calling to telephone numbers registered with national Do-Not-Call Registry;

(d) Negligently failing to properly train and supervise employees and agents;

(e) Negligently entrusting customer care to unsuitable employees;

(f) Negligently retaining unsuitable employees;

(g) Negligently failing to conduct proper evaluations;

(h) Negligently failing to enforce proper procedures;

(i) Failing to act as reasonably prudent under the circumstances;

(j) Violating state and federal laws and other relevant regulations;

(k) Otherwise being negligent.

124.    Defendant's conduct was done with reckless disregard for Plaintiff's rights, for which appropriate injunctive relief and an award of punitive damages, and compensation for pain and suffering, inconvenience, mental anguish, attorneys fees, other fees and costs are appropriate along with all other relief to which Plaintiff is entitled.

125.    As a direct, proximate, and legal result of tortious acts performed by Defendant without due care or common decency, failure to meet the applicable standards of care and in breach of duty, Plaintiff suffered and continues to suffer from injuries, mental anguish, apprehension, severe emotional distress, loss of enjoyment of life, harm and damages, and

Case ID: 220101882

therefore is entitled to recover damages from Defendant, including punitive damages.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, and award the following relief, including but not limited to compensatory damages, special damages; compensation for injuries, loss of enjoyment of life, psychological trauma, emotional distress and mental anguish; punitive damages; and award for costs, attorneys' fees, expenses, and disbursements in this lawsuit, including court costs, prejudgment and post-judgment interest, injunctive relief, and such other relief as the Court deems necessary and proper.

## COUNT VI
### Negligence Per Se

126.    Plaintiff restates and incorporates herein by reference all allegations contained in all paragraphs of this Complaint as if fully set forth in their entirety and alleges further.

127.    Defendant owed a legal duty of care to Plaintiff under the circumstances.

128.    Defendant breached legal duty to act in a reasonable way.

129.    Defendant failed to uphold the established duty of care for the situation and failed to act in a reasonable way to avoid reckless behavior that could be reasonably expected to cause harm and injuries to Plaintiff.

130.    Defendant's actions caused damages and injuries to Plaintiff; and the statutes and/or regulations were designed to prevent such injuries and damages.

131.    Plaintiff was a member of the class of persons that the statutes or regulations were intended to protect.

132.    A claim based upon negligence per se is not a private cause of action for violation of statute, but rather Defendants' breach of the standard of care, as prescribed by a statute or regulation, conveys an actionable tort duty; and therefore, Defendant should be held liable for

Case ID: 220101882

negligence per se.

133.    The doctrine of per se liability establishes by reference a statutory scheme for the standard of care appropriate to the underlying tort. Here, the statutes and laws that Defendant violated were establishing the necessary standard of care that was also violated because of statutory violations.

134.    The State of Pennsylvania and federal courts are recognizing that a violation of statute or official regulation may serve as a basis for negligence per se claim.[4]

135.    As described in this Complaint, Defendant violated at least several applicable statutes, regulations, and/or provisions of law, such as multiple violations of the state and federal laws referenced in this Complaint, including but not limited to violations of the Pennsylvania Telemarketer Registration Act as provided by 73 P.S. § 2241 et seq., violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law as provided by 73 P.S. § 201-1 et seq., violations of 47 C.F.R. § 64.1200(a)(3), violations of 47 U.S.C. § 227(b), and violations of 47 U.S.C. § 227(c).

136.    Defendant's violations of statutes and/or regulations were the direct and/or proximate cause of Plaintiff's injuries and torts inflicted upon Plaintiff.

137.    All laws and regulations that Defendant violated were enacted for safety reasons and Plaintiff belongs to the class that was intended to be protected by the regulations and laws. Defendant's violations of laws and regulations caused the injury to Plaintiff.

138.    As a result of Defendant's conduct, Plaintiff is entitled to recover damages against Defendant, including punitive damages.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, and award the following relief, including but not limited to compensatory

---

[4] *Cabiroy v. Scipione,* 767 A.2d 1078, 1082 (Pa. Super. 2001).

Case ID: 220101882

damages, special damages; compensation for injuries, loss of enjoyment of life, psychological trauma, emotional distress and mental anguish; punitive damages; and award for costs, attorneys' fees, expenses, and disbursements in this lawsuit, including court costs, prejudgment and post-judgment interest, injunctive relief, and such other relief as the Court deems necessary and proper.

## COUNT VII
### Gross Negligence

139.    Plaintiff restates and incorporates herein by reference all allegations contained in all paragraphs of this Complaint as if fully set forth in their entirety and alleges further.

140.    Pennsylvania law has employed the concept of gross negligence since the early days of the Commonwealth and approximately since the year 1786.[5]

141.    Defendant was not only negligent, but also chose to act intentionally in reckless and grossly negligent disregard of, and/or with a lack of substantial concern for the rights of Plaintiff. The behavior in question was flagrant and grossly deviating from the ordinary standard of care.

142.    Defendant's gross negligence was reflected in the lack of slight diligence or care and/or a conscious, voluntary acts and omissions in reckless disregard of a legal duty and of the consequences to another party.

143.    The losses, injuries, and damages, described in this Complaint, were caused by Defendant's breaches in acting grossly negligent.

144.    Defendant had a duty to act as a reasonably prudent person in regards to customer care, but decided to grossly deviate from the acceptable norms of any civilized society.

145.    Defendant had duties to comply with laws and regulations, but decided to ignore it in a grossly negligent manner.

---

[5] See, e.g., *Eddowes v. Niell*, 4 Dall. 133 (1793); *Purviance v. Angus*, 1 Dall. 180 (1786).

Case ID: 220101882

146.    Defendant failed to uphold the established duty of care for the situation and failed to act in a reasonable way to avoid grossly reckless and grossly negligent behavior that could be reasonably expected to cause injuries, losses, and damages to Plaintiff.

147.    Defendant owed to Plaintiff a duty and obligation recognized by laws that obligated Defendant to conform to a certain standard of conduct.

148.    Defendant demonstrated not only ordinary negligence but also gross negligence and extreme departure from ordinary care; and gross negligence was represented by a lack of diligence and a lack of care comprising of conscious and voluntary acts and omissions in reckless disregard of a legal duty and the consequences resulting in infliction of injuries and damages to Plaintiff.

149.    Defendant knew or should have known that their failure to exercise due care during the times in question alleged herein, and failure to train and supervise employees or agents, would cause Plaintiff to suffer damages, severe emotional distress and injury.

150.    Defendant's conduct was done with malice, oppression, and in reckless disregard for Plaintiff's rights, for which appropriate injunctive relief and an award of punitive damages, and compensation for pain and suffering, inconvenience, mental anguish, attorneys' fees, other fees and costs are appropriate along with other relief.

151.    As direct and proximate cause of Defendant's grossly negligent conduct and breach of care, Plaintiff sustained injuries, losses, and damages, without any negligence of the Plaintiff contributing thereto.

152.    Defendant's extreme recklessness and deliberate ignorance placed Plaintiff into danger and caused him damages and injuries.

153.    By virtue of Defendant's gross negligence, Defendants are liable to the Plaintiff for all damages allowed under the law, including punitive damages.

Case ID: 220101882

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, and award the following relief, including but not limited to compensatory damages, special damages; compensation for injuries, loss of enjoyment of life, psychological trauma, emotional distress and mental anguish; punitive damages; and award for costs, attorneys' fees, expenses, and disbursements in this lawsuit, including court costs, prejudgment and post-judgment interest, injunctive relief, and such other relief as the Court deems necessary and proper.

## COUNT VIII
### Negligent Infliction of Emotional Distress

154.    Plaintiff restates and incorporates herein by reference all allegations contained in all paragraphs of this Complaint as if fully set forth in their entirety and alleges further.

155.    As described in this Complaint, Defendant intentionally and recklessly inflicted emotional distress and emotional trauma to Plaintiff.

156.    Defendant owed a legal duty of care to the Plaintiff under the circumstances.

157.    There was an existence of a duty and obligation recognized by law, requiring Defendant to conform to a certain standard of conduct, including but not limited to compliance with all laws and regulations and exercise of reasonable care.

158.    Defendant breached a legal duty to act in a reasonable way and failed to exercise reasonable care when Defendant failed to comply with all laws and regulations.

159.    Defendant failed to uphold the established duty of care for the situation and failed to act in a reasonable way to avoid reckless behavior that could be reasonably expected to cause injuries to Plaintiff.

160.    Defendant's breach of required duties and obligations caused the harm and actual losses and damages inflicted to Plaintiff.

- 28 -

Case ID: 220101882

161.   Plaintiff was in the "zone of danger" of Defendant's tortious conduct.

162.   Plaintiff suffered a physical impact and Plaintiff was in danger and at risk of an immediate injury. Moreover, Defendant intentionally inflicted injuries and damages to Plaintiff.

163.   Defendant negligently breached a duty of care, so as to fall well below the applicable standard of care and directly, proximately, and legally caused harm to Plaintiff as described herein, specifically by failing to comply with the federal and state laws.

164.   As a direct, proximate, and legal result of tortious acts performed by Defendant without due care, failure to meet the applicable standards of care and in breach of their duty to Plaintiff, Plaintiff has suffered and continues to suffer from injuries, mental anguish, apprehension, emotional distress, loss of enjoyment of life, harm and damages, and therefore is entitled to recover damages from Defendant, including punitive damages.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, and award the following relief, including but not limited to compensatory damages, special damages; compensation for injuries, loss of enjoyment of life, psychological trauma, emotional distress and mental anguish; punitive damages; and award for costs, attorneys' fees, expenses, and disbursements in this lawsuit, including court costs, prejudgment and post-judgment interest, injunctive relief, and such other relief as the Court deems necessary and proper.

## PRAYER FOR RELIEF

Plaintiff Sergei Kovalev requests the following relief:

(a)   Empanelling a jury of Plaintiff's peers (12 jurors);

(b)   Awarding Plaintiff all damages and losses that are related to Defendant's conduct, including compensation for all damages and injuries, pain and suffering, loss of

- 29 -

Case ID: 220101882

enjoyment of life, psychological trauma, emotional distress and mental anguish.

(c)   Awarding statutory treble damages for ten (10) violations of 47 U.S.C. § 227(b);

(d)   Awarding statutory treble damages for ten (10) violations of 47 U.S.C. § 227(c);

(e)   Awarding statutory treble damages based on Defendant's violations of the Pennsylvania

Unfair Trade Practices and Consumer Protection Law (UTPCPL);

(f)   Awarding damages based on Defendant's violations of the Pennsylvania Telemarketer

Registration Act as provided by 73 P.S. § 2241 et seq.;

(g)   Declaring the conduct of Defendant to be in violation of the state and federal laws;

(h)   Enjoining Defendant from engaging in such prohibited conduct;

(i)   Awarding punitive damages for Defendant's extreme, intentional, and willful conduct

that no civilized society can tolerate;

(j)   Awarding attorneys' fees, costs, expenses, and disbursements in this lawsuit;

(k)   Awarding prejudgment and postjudgment interest to the extent permitted by law; and

(l)   Awarding such other and further relief as the Court may deem just, proper and

equitable.


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial (12 jurors) on all issues and claims set forth in this

Complaint.


Date: January 24, 2022                              Respectfully submitted,

                                                   /s/ *Sergei Kovalev*
                                                   Sergei Kovalev, Plaintiff


- 30 -

Case ID: 220101882

## VERIFICATION

I, Sergei Kovalev, verify that I am the Plaintiff in the present action and facts and statements contained in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. I understand that the statements are made subject to the penalties of 18 Pa. C.S. Paragraph 4904, relating to unsworn falsification to authorities.


Date: January 24, 2022                          /s/ *Sergei Kovalev*

                                                Sergei Kovalev, Plaintiff

Case ID: 220101882

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**

Filed and Attested by the
Office of Judicial Records
24 JAN 2022 02:14 pm
S. RICE

Sergei Kovalev
5305 Oxford Avenue
Philadelphia, PA 19124
215-839-9562

|  |  |  |
|---|---|---|
| SERGEI KOVALEV, | : | CIVIL ACTION |
| Plaintiff, | : |  |
|  | : | JANUARY TERM 2022 |
| v. | : |  |
|  | : | No. |
| SPARK ENERGY, LLC a.k.a. SPARK ENERGY | : |  |
|  | : |  |
| Defendant. | : | **JURY TRIAL DEMANDED** |
|  | : |  |

<u>**NOTICE TO DEFEND**</u>

| **NOTICE** | **AVISO** |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| *You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.* | *Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.* |
| Philadelphia Bar Association<br>Lawyer Referral and Information Service<br>One Reading Center<br>Philadelphia, Pennsylvania 19107<br>(215) 238-6333<br>TTY (215) 451-6197 | Asociacion De Licenciados De Filadelfia<br>Servicio De Referencia E Informacion Legal<br>One Reading Center<br>Filadelfia, Pennsylvania 19107<br>(215) 238-6333<br>TTY (215) 451-6197 |

**CONFIDENTIAL
DOCUMENT FORM**



**APPELLATE/TRIAL COURT
CASE RECORDS**

*Public Access Policy of the Unified Judicial System of Pennsylvania:
Case Records of the Appellate and Trial Courts
204 Pa. Code § 213.81*
www.pacourts.us/public-records

**KOVALEV VS SPARK ENERGY, LLC**
—————————————————————
Case Caption

**220101882**
—————————————————————
Docket/Case No.

**Philadelphia**
—————————————————————
Court

**This form is associated with the pleading titled <u>Complaint</u>, dated <u>January 24, 2022</u>.**

Pursuant to the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts*. The Confidential Document Form shall accompany a filing where a confidential document is required by law, ordered by the courts, or is otherwise necessary to effect the disposition of a matter. This form shall be accessible to the public, however the documents attached will not be publicly accessible, except as ordered by a court. The documents attached will be available to the parties, counsel of record, the courts and the custodian. **Please only attach documents necessary for the purpose of this case.** Complete the entire form and check all that apply. This form and any additional pages must be served on all unrepresented parties and counsel of record.

| Type of Confidential Document | Paragraph, page, etc. where the confidential document is reference in the filing: |
|---|---|
| ☐ Financial Source Documents | |
| ☐ Tax Returns and schedules | |
| ☐ W-2 forms and schedules including 1099 forms or sumilar documents | |
| ☐ Wage stubs, earning statements, or other similar documents | |
| ☐ Credit card statements | |
| ☐ Financial institution statements (e.g., investment/bank statements) | |
| ☐ Check Registers | |
| ☐ Checks or equivalent | |
| ☐ Loan application documents | |
| ☐ Minors' educational records | |
| ☐ Medical/Psychological records | |
| ☐ Children and Youth Services' records | |
| ☐ Marital Property Inventory and Pre-Trial Statement as provided in Pa.R.C.P.No.1920.33 | |
| ☒ Income and Expense Statement as provided in Pa.R.C.P. No. 1910.27(c) | |
| ☐ Agreements between the parties as used in 23 Pa.C.S. §3105 | |

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

—————————————————————
Signature of Attorney or Unrepresented Party

24-JAN-2022
—————————————————————
Date

Name: _Sergei Kovalev_____

Attorney Number (if applicable):_____

Telephone: _(215)839-9562_____

Address:__5305 Oxford Avenue Philadelphia Pa 19124_
—————————————————————

Email: _s14391@gmail.com_____

**Rev. 12/2017**

**CONFIDENTIAL
DOCUMENT FORM**



**APPELLATE/TRIAL COURT
CASE RECORDS**

## Instructions for Completing the Confidential Document Form

The following documents are confidential and shall be filed with a court or custodian with the "Confidential Document Form":

 1. Financial Source Documents as listed on the form

 2. Minors' educational records

 3. Medical/Psychological records are defined as "records relating to the past, present, or future physical or mental health or condition of an individual"

 4. Children and Youth Services' records

 5. Marital Property Inventory and Pre-Trial Statement as provided in Pa.R.C.P. No. 1920.33

 6. Income and Expense Statement as provided in Pa.R.C.P. No. 1910.27(c)

 7. Agreements between the parties as used in 23 Pa.C.S. §3105

For each confidential document, list the paragraph, page, etc. where the document is referenced in the filing. Please note, this form does not need to be filed in types of cases that are sealed or exempted from public access pursuant to applicable authority (e.g. juvenile, adoption, etc.)

 **• Please only attach documents necessary for the purposes of this case.**
 • Complete the entire form and check all that apply.
 • This form, and any additional pages, must be served on all unrepresented parties and counsel of record.

A court or custodian is not required to review or redact any filed document for co1npliance with the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts.* A party's or attorney's failure to comply shall not affect access to case records that are otherwise accessible.

If a filed document fails to comply with the above referenced policy, a court may, upon motion or its own initiative, with or without a hearing, order the filed document sealed, redacted, amended or any combination thereof. A court may impose sanctions, including costs necessary to prepare a compliant document for filing in accordance with applicable authority.

**Rev. 12/2017**

PHILADELPHIA COURT OF COMMON PLEAS
## PETITION/MOTION COVER SHEET

| CONTROL NUMBER: |
| --- |
| 22014177 |
| **(RESPONDING PARTIES MUST INCLUDE THIS NUMBER ON ALL FILINGS)** |

### FOR COURT USE ONLY

| ASSIGNED TO JUDGE: | ANSWER/RESPONSE DATE: |
| --- | --- |
| | 02/03/2022 |

*Do not send Judge courtesy copy of Petition/Motion/Answer/Response.*
*Status may be obtained online at http://courts.phila.gov*

KOVALEV VS SPARK ENERGY, LLC

January     Term, 2022
*Month*     *Year*
No.     01882

Name of Filing Party:
SERGEI KOVALEV-PLF

**INDICATE NATURE OF DOCUMENT FILED:**
☐ Petition *(Attach Rule to Show Cause)*    ☑ Motion
☐ Answer to Petition    ☐ Response to Motion

Has another petition/motion been decided in this case?   ☐ Yes   ☐ No
Is another petition/motion pending?   ☐ Yes   ☐ No
*If the answer to either question is yes, you must identify the judge(s):*

| TYPE OF PETITION/MOTION (see list on reverse side) | PETITION/MOTION CODE (see list on reverse side) |
| --- | --- |
| MOT-PROCEED IN FORMA PAUPERIS | MTIFP |

ANSWER / RESPONSE FILED TO (Please insert the title of the corresponding petition/motion to which you are responding):

**I. CASE PROGRAM**

OTHER PROGRAM

Court Type: MAJOR JURY
Case Type: PERSONAL INJURY – OTHER

**II. PARTIES** *(required for proof of service)*
(Name, address and **telephone number** of all counsel of record and unrepresented parties. Attach a stamped addressed envelope for each attorney of record and unrepresented party.)

SERGEI KOVALEV
   5305 OXFORD AVENUE , PHILADELPHIA PA
   19124
SPARK ENERGY, LLC
   12140 WICKCHESTER LANE, #100 ,
   HOUSTON TX 77079

**III. OTHER**

By filing this document and signing below, the moving party certifies that this motion, petition, answer or response along with all documents filed, will be served upon all counsel and unrepresented parties as required by rules of Court (see PA. R.C.P. 206.6, Note to 208.2(a), and 440). Furthermore, moving party verifies that the answers made herein are true and correct and understands that sanctions may be imposed for inaccurate or incomplete answers.

| | January 24, 2022 | SERGEI KOVALEV | |
| --- | --- | --- | --- |
| *(Attorney Signature/Unrepresented Party)* | *(Date)* | *(Print Name)* | *(Attorney I.D. No.)* |

**The Petition, Motion and Answer or Response, if any, will be forwarded to the Court after the Answer/Response Date.**
**No extension of the Answer/Response Date will be granted even if the parties so stipulate.**

30-1061B E-File# 2201043933
24-JAN-22 14:27:28



**First Judicial District of Pennsylvania**
**Court of Common Pleas of Philadelphia County**
**Trial Division – Civil**

| | | |
|---|---|---|
| SERGEI KOVALEV | : | JANUARY ____ Term, 2022 |
| | : | (month)        (year) |
| | : | |
| Plaintiff(s) | : | |
| | : | |
| VS. | : | |
| | : | NO._____ |
| SPARK ENERGY, LLC  et al. | : | |
| | : | |
| | : | |
| Defendant(s) | : | |

### _In Forma Pauperis Order_

AND NOW, this _____ day of _____, 20 _____, it is hereby ORDERED AND

DECREED that:

1. Petitioner be permitted to proceed without paying the costs of this proceeding.

2. Petitioner be permitted to obtain service of the papers filed without cost.

3. Petitioner be permitted to proceed in forma pauperis as to any additional costs which accrue in the course of this
   proceeding.

4. If there is a monetary recovery by judgment or settlement in favor of the party permitted to proceed in forma pauperis,
   the exonerated fees and costs shall be taxed as costs and paid to the Office of Judicial Records by the party paying the
   monetary recovery.

5. Petitioner has a continuing obligation to inform the Court of any improvement in party's financial circumstances that
   will enable the party to pay costs.

6. Filing party must obtain attested copies of the original pleading for service.  If more than thirty (30) days has expired,
   the pleading must be reinstated first.

**BY THE COURT:**

_____
                                                J.

MTIFP-Kovalev Vs Spark Energy, Llc



22010188200006

Case ID: 220101882
Control No.: 22014177

**First Judicial District of Pennsylvania**
**Court of Common Pleas of Philadelphia County**
**Trial Division – Civil**

Sergei Kovalev
_____, pro se
(your name)

5305 Oxford Ave
_____
Philadelphia, PA 19124
_____
(full address)
215-839-9562
_____
(area code and telephone number)

| | | |
|---|---|---|
| SERGEI  KOVALEV | : | JANUARY ,TERM, 2022 |
| | : | (month)        (year) |
| _____ | : | |
| Plaintiff(s) | : | |
| | : | |
| VS. | : | |
| | : | |
| SPARK ENERGY, LLC  et al. | : | NO._____ |
| | : | |
| _____ | : | |
| Defendant(s) | : | |

**_Petition to Proceed In Forma Pauperis_**
**_and Without Payment of Bond_**

**TO THE HONORABLE, THE JUDGES OF SAID COURT:**

    Petitioner, (Please Print Your Name) ___Sergei Kovalev_____, seeks leave to proceed in this matter in forma pauperis, and respectfully represents that:

1.  I am the (indicate plaintiff or defendant) ____Plaintiff_____ in these proceedings.

2.  I reside at (state your full address) ____5305 Oxford Ave, Philadelphia, PA 19124_____

    _____

3.  I have listed my sources and amounts of income truly and correctly on the attached affidavit.

Case ID: 220101882
Control No.: 22014177

4. I have the following average monthly expenses for the indicated items: **N/A - Church pays basic life expenses**

Housing: Church pays N/A          Insurance: Church pays N/A

Utilities: Church pays N/A          Transportation: Church pays N/A

(Gas): Church pays N/A          Medical: Church pays N/A

(Oil): N/A N/A          Loans: N/A N/A

(Electric): Church pays N/A          Laundry: Church pays N/A

(Phone): Church pays N/A          Child Care: N/A N/A

Food: Church pays N/A          Child Support: N/A N/A

Clothing: Church pays N/A

5. I neither own nor have equity in any assets other than the following (state values in dollars): $ 0

_____.

6. I am unable to pay the costs of these proceedings or to obtain the amount of costs from family or friends.

WHEREFORE, Petitioner prays that he/she be permitted to proceed in this matter in forma pauperis.

Sergei Kovalev
_____
Petitioner          (Print your name)

Date: January 24, 2022

/s/ *Sergei Kovalev*
_____
Petitioner          (Sign your name)

Case ID: 220101882
Control No.: 22014177

**First Judicial District of Pennsylvania**
**Court of Common Pleas of Philadelphia County**
**Trial Division – Civil**

Sergei Kovalev
_____, pro se
(your name)

5305 Oxford Ave
_____

Philadelphia, PA 19124
_____
(full address)

215-839-9562
_____
(area code and telephone number)

| | | |
|---|---|---|
| SERGEI KOVALEV | : | JANUARY , TERM, 2022 |
| | : | (month)        (year) |
| | : | |
| Plaintiff(s) | : | |
| | : | |
| VS. | : | |
| | : | |
| SPARK ENERGY, LLC  et al. | : | NO._____ |
| | : | |
| | : | |
| Defendant(s) | : | |

_**Petitioner's Affidavit**_
_**Pursuant to PA. R.C.P. 240**_

COMMONWEALTH OF PENNSYLVANIA          :
                                                                       :    SS.
COUNTY OF PHILADELPHIA                           :

1.  I, _____Sergei Kovalev_____, am the (Plaintiff) (Defendant) in the above matter and
    because of my financial condition am unable to pay the fees and costs of prosecuting or defending the action or
    proceeding.

2.  I am unable to obtain funds from anyone, including my family and associates, to pay the costs of litigation.

3.  I represent that the information below relating to my ability to pay the fees and costs is true and correct:

    a.  Name: _____Sergei Kovalev_____

        Address: _____5305 Oxford Ave, Philadelphia, PA 19124_____

Case ID: 220101882
Control No.: 22014177

**b.** *EMPLOYMENT*

*If you are presently employed, state:*

Employer: _____ N/A _____

Address: _____ N/A _____

_____ N/A _____

Salary/wages
Per Month: _____ $ 0 _____

Type of Work: _____ Religious Service - Not salaried or waged work / Not a form of employment

*If you are presently unemployed, state:*

Date of last Employment: _____ January 9, 1999 _____

Salary/Wages
Per Month: _____ $ 0 _____

Type of Work: _____ Religious Service - Not salaried or waged work / Not a form of employment

**c.** *OTHER INCOME WITHIN THE PAST TWELVE (12) MONTHS (state as dollar amounts)*

Business or Profession: _____ N/A _____

Other Self-employment: _____ N/A _____

Interest: _____ N/A _____

Dividends: _____ N/A _____

Pension and Annuities: _____ N/A _____

Social Security Benefits: _____ N/A _____

Support Payments: _____ N/A _____

Disability Payments: _____ N/A _____

Unemployment Compensation &
Supplemental Benefits: _____ N/A _____

Workman's Compensation: _____ N/A _____

Public Assistance: _____ N/A _____

Other: _____ N/A _____

**d.** *OTHER CONTRIBUTIONS TO HOUSEHOLD SUPPORT (state as dollar amounts)*

(Wife) (Husband) (Friend) Name: _____ Church pays only basic life expenses

*If your (wife) (husband) (friend) is employed, state:*

Employer: _____ N/A _____

Case ID: 220101882
Control No.: 22014177

Salary/Wages
Per Month:_____ N/A _____

Type of Work:_____ N/A _____

Contributions
From Children:_____ N/A _____

Contributions
From Parents:_____ N/A _____

Other Contributions:_____ N/A _____

**e.** ***PROPERTY OWNED (state as dollar amounts)***

Cash:_____ $ 50 (Church property) _____

Checking Account:_____ N/A _____

Savings Account:_____ N/A _____

Certificates of Deposit:_____ N/A _____

Real Estate
(Including Home):_____ N/A     Plaintiff has no financial interest in real estate

Motor Vehicle:  Make:_____ Suzuki / Car assigned to Church ___Year:_____ 2005 _____

Cost: $ _____ $ 600 _____Amount Owed: $ _____ $ 0 _____

Stocks & Bonds:_____ N/A _____

Other:_____ N/A _____

**f.** ***DEBTS AND OBLIGATIONS (state as dollar amounts)***

Mortgage:_____ N/A _____

Rent:_____ N/A _____

Loans:_____ N/A _____

Other:_____ $ 195,000.00 (Obligation) _____

**g.** ***PERSONS DEPENDENT UPON YOU FOR SUPPORT***

(Wife) (Husband) Name:

Children, if any:_____ N/A _____Age_____ N/A _____

_____ N/A _____Age_____ N/A _____

_____ N/A _____Age_____ N/A _____

_____ N/A _____Age_____ N/A _____

Case ID: 220101882
Control No.: 22014177

Other Persons:_____ N/A _____

Name:_____ N/A _____

Relationship:_____ N/A _____

4.  I understand that I have a continuing obligation to inform the Court of improvement in my financial circumstances which would permit me to pay the costs incurred herein.

5.  I verify that the statements made in this affidavit are true and correct.  I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.


Sergei Kovalev
_____
Petitioner              (Print your name)

Date: January 24, 2022
_____

/s/ *Sergei Kovalev*
_____
Petitioner              (Sign your name)

Case ID: 220101882
Control No.: 22014177

### *Certificate of Service*

I hereby certify that upon filing a true and correct copy of the foregoing petition will be properly served upon all other parties or their attorney of record on the date listed below.

Sergei Kovalev

Petitioner                    (Print your name)

Date: January 24, 2022

/s/ *Sergei Kovalev*

Petitioner                    (Sign your name)

Case ID: 220101882
Control No.: 22014177